IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NANCY L. CHEEK,

    Plaintiff,

v.                                       Civil Action No. 5:04CV58
                                                      (STAMP)

JO ANNE B. BARNHART,
Commissioner of Social
Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**ACCEPTING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

The plaintiff, Nancy L. Cheek ("Cheek"), filed the above-styled action on June 1, 2004, seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security Administration, pursuant to 42 U.S.C. § 405(g). The defendant filed an answer to the plaintiff's complaint on August 2, 2004, and a motion for summary judgment on October 28, 2004. On August 27, 2004, the plaintiff filed a motion for summary judgment. On May 31, 2005, the plaintiff's action was referred to United States Magistrate Judge John S. Kaull.

Magistrate Judge Kaull considered the motions for summary judgment and submitted a report and recommendation. In his report, he made the following findings: (1) the Administrative Law Judge ("ALJ") did not err by not providing weight to the opinion of the chiropractic doctor, (2) substantial evidence supports the ALJ's

finding that plaintiff did not have a non-exertional impairment from the onset of her impairment to the date last insured, (3) the ALJ did not err in his application of the Grid Rules.

Upon submitting this report, Magistrate Judge Kaull informed the parties that, if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. The plaintiff failed to file timely objections to the magistrate judge's report and recommendation. However, the plaintiff did file objections on July 7, 2005, and this Court will consider the plaintiff's objections. Specifically, the plaintiff objects to the magistrate judge's application of the Grid Rules with regard to the plaintiff's age.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a <u>de novo</u> review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to <u>de novo</u> review is waived. See <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982); <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979).

Accordingly, this Court reviews de novo the magistrate judge's findings to which the plaintiff has objected. All other findings of the magistrate judge are reviewed for clear error.

## II. Facts

On October 31, 2002, the plaintiff filed for Disability Insurance Benefits ("DIB") indicating that she was disabled because of high blood pressure, back pain and arthritis. Following a hearing on November 24, 2003 before an ALJ, the plaintiff's application was denied because the ALJ found that the plaintiff was not disabled within the meaning of the Social Security Act. The plaintiff's request for review by the Appeals Council was denied. The plaintiff then filed the present action with this Court.

## III. Legal Standards

A. Standard of Review

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" See Sec'y of Labor v. Mutual Mining, Inc.,

80 F.3d 110, 113 (4th Cir. 1966)(quoting <u>Consolo v. Fed. Mar. Comm'n</u>, 383 U.S. 607, 620 (1966)).

B.  <u>Summary Judgment</u>

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).  "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." <u>Temkin v. Frederick County Comm'rs</u>, 945 F.2d 716, 718 (4th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1095 (1992)(citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986)).  However, as the United States Supreme Court noted in <u>Anderson</u>, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  <u>Id.</u> at 256.  "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a

finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

IV. Discussion

As stated above, the plaintiff objects to the alleged "mechanical application" of the Grid Rules in this action. The plaintiff argues that she was less than eight months from reaching her 50th birthday, which would have placed her in a more favorable category for receiving DIB. The plaintiff contends that the ALJ, and the reviewing magistrate judge, did not appropriately apply 20

5

C.F.R. § 404.1563, which indicates that where a plaintiff is "within a few days to a few months of reaching an older age category," the ALJ will not "apply the age categories mechanically" to reach an unfavorable result for the plaintiff.

Pursuant to 20 C.F.R. § 404.1563, the ALJ will not apply age categories mechanically "in a borderline situation." Moreover, the regulations indicate that "in some circumstances, [the ALJ] will consider that persons age 45-49 are more limited in their ability to adjust to other work than persons who have not attained age 45." Id. In determining the "circumstances" in which a person is more limited in her ability, the regulations refer to Rule 201.17 in Appendix 2. Rule 201.17 of Appendix 2 indicates that a younger individual, aged 45-49, who is illiterate or unable to communicate in English and is unskilled would be considered disabled. In other instances where an individual has limited education, the appendix indicates that a younger individual, aged 45-49, would not be considered disabled.

This Court does not believe that the plaintiff's characteristics fall within the "circumstances" contemplated by 20 C.F.R. § 404.1563(c). The plaintiff has a high school education and there is no indication that she is unable to read or understand English. Moreover, this Court agrees with the magistrate judge's determination that the plaintiff is not "borderline" for purposes of evaluating disability within an older age category. See, e.g.,

Lambert v. Chater, 96 F.3d 469, 470 (10th Cir. 1996)(seven months not borderline); Russell v. Bowen, 856 F.2d 81, 84 (9th Cir. 1988); Russell v. Comm'r Soc. Sec., 20 F. Supp. 2d 1133, 1134-35 (recognizing Appeals Council Interpretations II-5-302 and II-5-302(A) define "borderline" as six months). Moreover, the cases cited by the plaintiff do not support her position that seven months and 24 days creates a borderline case. See Kane v. Heckler, 776 F.2d 1130, 1133 (3d Cir. 1985)(48 days borderline); Ford v. Heckler, 572 F. Supp. 992, 994 (E.D.N.C. 1983)(two months borderline); Hilliard v. Schweiker, 563 F. Supp. 99, 101-02 (D. Mont. 1983)(less than three months borderline); Hill v. Sullivan, 769 F. Supp. 467, 471 (W.D.N.Y. 1991)(three months, two days borderline). Accordingly, we believe that the ALJ's application of 20 C.F.R. § 404.1563 was substantially justified and appropriate in this case.

In addition, this Court agrees with the magistrate judge that the ALJ did not err in its treatment of the chiropractic doctor's opinion, and that substantial evidence supported the ALJ's finding that plaintiff did not have a non-exertional impairment from the onset of her impairment to the date last insured. As the magistrate judge noted, the Fourth Circuit has addressed the limited weight to be afforded evidence provided by a chiropractor. Lee v. Sullivan, 945 F.2d 687 (1991)(pursuant to 20 C.F.R. § 416.913, chiropractor's opinion can qualify as a layman's opinion,

7

at best). Moreover, the plaintiff's treating physician, Dr. LaTulippe, indicated that the plaintiff's knee condition was moderate and well-controlled, that she had no persistent spinal or hip tenderness, that she had no impairments that would limit her use of fingers and that any mental impairments the plaintiff may have had were controlled and caused no limitations in activities of daily living, social function or concentration. Accordingly, this Court finds that the ALJ was supported by substantial evidence.

V. Conclusion

After reviewing the magistrate judge's findings, this Court agrees that the ALJ's decision was supported by substantial evidence, that the plaintiff's objections are without merit, that the defendant's motion for summary judgment should be granted, and that the plaintiff's motion for summary judgment should be denied. This Court concludes that there are no remaining genuine issues of material fact for this Court to consider.

For the reasons stated above, this Court ACCEPTS and ADOPTS the magistrate judge's recommendation. For the reasons stated above, it is ORDERED that the summary judgment motion of the defendant be GRANTED and the plaintiff's motion for summary judgment be DENIED. It is further ORDERED that the plaintiff's alternative request to remand be DENIED and that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   September 16, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE